IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,440-01






EX PARTE CLEVELAND WADE THOMPSON, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 114-1126-02 IN THE 114TH

DISTRICT COURT SMITH COUNTY 



 


 Per curiam.


O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of aggravated assault and sentenced to imprisonment for a
term of forty years. There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant contends that his trial
counsel provided ineffective assistance. While the trial court has entered findings of fact and
conclusions of law, it is this Court's opinion that additional information is needed before this
Court can render a decision on this ground for review, including an affidavit from trial
counsel addressing Applicant's ineffective assistance of counsel claims. Further, the trial
court has indicated that this Application is a subsequent writ application. It does not specify,
though, when Applicant filed a previous writ application or that there has been a final
disposition of that writ application, and this Court does not have a record of receiving a
previous writ application from Applicant.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall order an affidavit from trial counsel, Mr. Ronnie Van Baugh. The
trial court may also order depositions, interrogatories, or hold a hearing. In the appropriate
case, the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Article
26.04 of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the
hearing. 

 Following the receipt of additional information, the trial court shall determine whether
Applicant was denied effective assistance of counsel, and the trial court shall make any
further findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. Further, the trial court shall
provide documentation to support its finding that this application for a writ of habeas corpus
is a subsequent writ application within the meaning of Article 11.07, Section 4, of the Texas
Code of Criminal Procedure or make additional findings on this matter.

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: January 25, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.